UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN F. CARBIN,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF SAVOY MASSACHUSETTS, COMMONWEALTH OF MASSACHUSETTS BOARD OF STATE EXAMINERS OF PLUMBING AND GAS FITTERS,<br><br>    Defendants. | Civil Action No. 23-30092-MGM |

MEMORANDUM AND ORDER ON DEFENDANT MASSACHUSETTS BOARD OF STATE EXAMINERS OF PLUMBING AND GAS FITTERS MOTION TO DISMISS AND PLAINTIFF'S EMERGENCY MOTION
(Dkt. Nos. 30 and 34)

October 22, 2024

MASTROIANNI, U.S.D.J.

### I. INTRODUCTION

On September 12, 2023, Plaintiff, John Carbin, proceeding pro se, commenced this action against the Commonwealth of Massachusetts Board of State Examiners of Plumbing and Gas Fitters ("Board"). In his complaint, Plaintiff, who is not a licensed plumber, alleged the Board violated the rights of "citizens under the 14th Amendment . . . to do plumbing and to obtain a permit to do plumbing on their own property" by writing and enforcing a regulation that prohibits issuing permits to perform plumbing work to anyone other than a licensed individual. (Compl., Dkt. No. 1 at 4.) Plaintiff had applied for a permit to perform plumbing at a property he owns in Savoy, Massachusetts

and the Town of Savoy denied the permit in accordance with the challenged regulations.[1] Plaintiff submitted an unsuccessful appeal to the Board and has also alleged the Board violated his rights when it refused his request for an exception to the licensing requirements that would permit him to obtain a permit and perform plumbing work at his own property.

Following a period of delay caused by improper service, the Board moved to dismiss Plaintiff's Complaint. On May 1, 2024, this court granted the motion as to "Plaintiff's claims against the Board to the extent Plaintiff seeks monetary damages." (Order of May 1, 2024, Dkt. No. 23.) The court also found that "[e]ven when read leniently the few facts alleged in Plaintiff's Complaint are insufficient to support" such a claim. (*Id.*) Rather than dismiss Plaintiff's remaining claims for declaratory or injunctive relief, the court granted him an opportunity to file an amended complaint containing sufficient facts to support his claim.

Plaintiff filed an Amendment to Complaint on June 3, 2024. (Dkt. No. 25.) The first two paragraphs set forth a timeline of Plaintiff's interactions with the Board after the Town of Savoy denied his application for a permit to perform plumbing work at his property. He attempted to appeal the denial to the Board within the ten-day appeal period, but the Board returned his appeal because it was not submitted on the correct form. The Board provided the correct form, but Plaintiff asserts he did not receive it until after the appeal period had ended.[2] Rather than resubmit his appeal on the correct form and request an extension of time, Plaintiff notified the Board that "'if your [sic] not going to accept that appeal as written then I will accept this as a denial and proceed as necessary.'" (Am.

---

[1] Plaintiff also named the Town of Savoy as a defendant and on October 11, 2023, Plaintiff filed a returned and executed summons stating the summons and complaint were served on the chairman of the Savoy Board of Selectman on September 26, 2023. As a procedural matter, counsel has not entered an appearance on behalf of Savoy and Plaintiff has not requested the clerk enter a notice of default as to Savoy. Substantively, Plaintiff cannot demonstrate any entitlement to relief from Savoy without first successfully challenging the validity of the regulations applied by Savoy.

[2] Plaintiff says he applied for the permit on August 22, 2023 and sent his appeal to the Board on August 28, 2024. The Board's letter explaining the return of the appeal was dated August 28, 2023 and Plaintiff received it in the mail on September 1, 2023.

2

Compl. Dkt. No. 25 at 1.) The Board's executive director responded to Plaintiff the following day, explaining that because Plaintiff did not file his appeal "in compliance with Board regulations, including the Board approved form, as required by 248 CMR 3.05(6)(b)(1)"[3] the Board was not able to take substantive action on Plaintiff's appeal. (*Id.*) Four days later, Plaintiff filed this action. In the remainder of Plaintiff's Amendment to Complaint, he argued that the Board has no legitimate basis for requiring that plumbing permits be issued only to licensed plumbers and such rules, therefore, violate rights protected under the Fourteenth Amendment.

The Board responded by filing another Motion to Dismiss for Failure to State a Claim. Plaintiff opposed the motion and, on September 19, 2024, filed an Emergency Motion, in which he requests the court issue an order permitting him to perform plumbing on his property. The Board opposed the Emergency Motion and argued that Plaintiff is unlikely to prevail in this action for the same reasons the Board has moved for dismissal. Specifically, the Board asserts that even after his amendment, Plaintiff's complaint fails to plausibly allege that the Board has violated his rights to either substantive or procedural due process as protected under the Fourteenth Amendment. For the reasons that follow, the court dismisses Plaintiff's Complaint, as amended on June 3, 2024, and denies Plaintiff's emergency motion.

## II.    DISCUSSION

"The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of 'life, liberty, or property, without due process of law.'" *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (quoting U.S. Const. amend. XIV, § 1). "This guarantee has both substantive and procedural components." *Id.* "[S]ubstantive due process protects individuals against state action that transgresses 'basic and fundamental principle[s].'" *Kenyon v. Cedeno-Rivera*, 47 F.4th 12, 24 (1st Cir.

---

[3] Plaintiff contends that 248 CMR 3.05(6)(b)(1) "does not call out a specific form, only a 'form approved by the board,'" but does not allege that he sent his appeal in on a "form approved by the board" or that the form the Board required was not the "form approved by the board," as described in the regulation.

3

2022) (quoting *Amsden v. Moran*, 904 F.2d 748, 754 (1st Cir. 1990)) (second alteration in original). When a plaintiff brings a substantive due process challenge to the validity of a state regulation, the court must first determine whether the regulation infringes on a fundamental right. *Gonzalez-Droz v. Gonzalez-Colon*, 660 F.3d 1, 9 (1st Cir. 2011). If the state regulation interferes with a fundamental right, the regulation will be subject to strict scrutiny review; "otherwise, it is reviewed under the more lenient rational basis standard." *Kenyon*, 47 F.4th at 24.

A right is fundamental if it is enumerated in the Constitution or "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (internal quotation marks omitted). Plaintiff contends the challenged regulations interfere with his right to perform plumbing work on his own property. To the extent there is such a right, it is clearly not one of the fundamental rights identified in the Constitution or recognized by the Supreme Court. Since there is no fundamental right to perform plumbing work, the court presumes the regulations challenged by Plaintiff are valid and must uphold the regulations if they are "rationally related to a legitimate government interest." *Cook v. Gates*, 528 F.3d 42, 55 (1st Cir. 2008). Under this standard, the court inquires only whether there are "plausible reasons" for a statute or regulation, not whether those reasons have been articulated by the legislature or governing decisionmaker. *F.C.C. v. Beach Comms. Inc.*, 508 U.S. 307, 313-15 (1993). "In other words, a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *Id.* at 315. The regulatory requirement that only licensed plumbers can be issued a permit to perform plumbing work clearly satisfies this standard. As the Appeals Court of Massachusetts has recognized, regulation of "the installation of plumbing is rationally related" to a "valid legislative interest in protecting the health and safety of the public by providing for safe plumbing." *Meyer v. Town of Nantucket*, 937 N.E.2d 990, 997 (Mass. App. Ct. 2010). Plaintiff's substantive due process challenge is clearly unsupportable.

Plaintiff's Complaint, as amended, also appears to assert a challenge under the procedural due process protections offered by the Fourteenth Amendment. "To establish a procedural due process violation, the plaintiff 'must identify a protected liberty or property interest and allege that the defendants, acting under color of state law, deprived [him] of that interest without constitutionally adequate process.'" *Gonzalez-Droz,* 660 F.3d at 13. However, as an unlicensed individual, Plaintiff has no protected property interest in being able to obtain a permit to perform plumbing work. Further, even if Plaintiff had a protected interest, the procedural protections afforded to him were sufficient. *Id.* ("No rigid taxonomy exists for evaluating the adequacy of state procedures in a given case; rather, due process is flexible and calls for such procedural protections as the particular situation demands."(internal quotations omitted)). An appeal procedure was set out in a regulation and the Board returned Plaintiff's appeal, rather than process it substantively, because Plaintiff failed to comply with the procedure and, when notified of his failure, elected to file this case rather than resubmit his appeal and request an exception to the filing deadline. These facts, as alleged by Plaintiff, fail to identify any way in which the Board's appeal procedures failed to provide procedural due process.

### III.   CONCLUSION

For the reasons discussed above, the Board's Motion to Dismiss (Dkt. No. 30) is ALLOWED as to all counts and Plaintiff's Emergency Motion (Dkt. No. 33) is DENIED. The court further finds the dismissal of Plaintiff's claims challenging the validity of the regulations forecloses his claims against the Town of Savoy. This case may now be closed.

It is so Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge